# DELIGHT OAK FLOORING CO., INC. *v.*
# ARKANSAS LOUISIANA GAS CO.

CA 84-177                                    680 S.W.2d 117

Court of Appeals of Arkansas
Opinion delivered November 28, 1984

*W. Swaine Perkins,* and *Larry Dean Kissee,* for appellant.

*McKenzie, McRae & Vasser,* by: *James H. McKenzie,* for appellee.

PER CURIAM. At the appellant's request this case was set for oral argument on November 28, 1984. On November 26, 1984, the appellant filed a paper designated "Waiver of Oral Argument" to which the appellee filed a response stating it had no objection to the waiver of oral argument.

We have treated the appellant's paper as a motion to waive the oral argument and the motion has been granted. The case is withdrawn from submission and will be resubmitted when it reaches its proper place on the docket.

MAYFIELD, J., dissents.

MELVIN MAYFIELD, Judge, dissenting. At appellant's request the above styled civil case was set for oral argument to be heard on November 28, 1984. Because this court is legally required to give preference to criminal, workers' compensation, and unemployment benefit cases, the general

civil cases have to wait in line to be submitted to us for decision. Currently the preferred cases are being submitted approximately 35 days after the last brief is filed. The general civil cases, however, are having to wait more than six months after the last brief is filed before they are submitted.

Since oral argument is requested in only a small percentage of our cases, a situation has resulted that enables a general civil case, if it is set for oral argument, to go ahead of the other general civil cases and currently it would be submitted almost as early as the preferred cases. The instant case, for example, was set to be submitted 42 days after the last brief was filed.

Two days before the day set for oral argument, the appellant filed a "Waiver of Oral Argument" in this case. The majority of the court has treated this as a motion to waive the argument and has granted it. The majority, of course, recognizes that it would be unfair to allow this case to remain submitted ahead of the other civil cases and has properly withdrawn it from submission and it will have to wait its turn to be resubmitted. I dissent, however, because my concern goes deeper than that.

The reason the appellant filed its waiver of oral arguments is that it wants to file a belated reply brief. That brief, and a motion for permission to file it, was tendered the same day the waiver of oral argument was filed. We have not yet acted on the motion to file, but it seeks permission to reply to the appellee's brief, and it discloses that appellant has had the appellee's brief for more than a month. Furthermore, the belated reply brief deals with a point that, in my view, should have been argued in the original brief and, I feel sure, if we allow appellant's belated brief to be filed, the appellee will ask permission to file a brief in reply.

There have now been eight separate motions filed in this case. All of this takes up the time of this court and of the clerk's office. This will be compounded by the time and effort it will take to resubmit this case. I think we could have avoided some of this by simply requiring the parties to make the oral argument that was set. Everything in the belated

reply brief could have been covered at that time and appellee's attorney would have been ready and able to fully reply during the argument.

By allowing the oral argument to be waived, we have wasted time and effort that we cannot afford to waste. We are our own worst enemy if we allow this sort of thing to continue.